IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY KANE,                              *

    Plaintiff,                         *

       v.                          *            Civil Action No. RDB-11-03719

UPS PENSION PLAN                           *
BOARD OF TRUSTEES,
                                           *
    Defendant.

*      *      *      *      *      *      *      *      *      *      *      *      *

## MEMORANDUM OPINION

Plaintiff Gregory Kane ("Plaintiff" or "Kane") has brought this action against UPS Pension Plan Board of Trustees ("Defendant" or "the Board") for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Specifically, Plaintiff alleges that the Board improperly denied his benefit claim based on a miscalculation of the total number of hours he worked as a part-time employee of United Parcel Service ("UPS").[1]  Pending before this Court is Plaintiff Gregory Kane's Motion for Limited Discovery beyond the administrative record (ECF No. 15).   Also pending is Defendant UPS Pension Plan Board of Trustees' Motion to File the Administrative Record Under Seal (ECF No. 21).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Plaintiff's Motion for Limited Discovery (ECF No. 15) is GRANTED in part and DENIED in part.

---

[1] The Complaint also alleged that the Board breached its fiduciary duties under ERISA in failing to administer the pension plan in a prudent manner consistent with ERISA and the plan's terms.  However, this claim was dismissed by stipulation of the parties pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure on March 12, 2012 (ECF No. 5).

Specifically, Plaintiff may seek extra-record discovery with respect to records or evidence that he may then submit to this Court in order to permit this Court to evaluate and weigh the extent to which Defendant's structural conflict of interest may have influenced Plaintiff's denial of benefits.   Plaintiff shall not be permitted to seek discovery into Defendant's records of Plaintiff's employment history not included in the administrative record and not related to the structural conflict of interest issue.   Defendant's Motion to File the Administrative Record Under Seal (ECF No. 21) is GRANTED.

<u>BACKGROUND</u>

According to the Complaint, Plaintiff Gregory Kane ("Plaintiff" or "Kane") first became employed with the United Parcel Service ("UPS") in 1980 as a part-time preloader. Pl.'s Compl. ¶ 13, ECF No. 1.  UPS is a well-known United States package delivery company which is the "plan sponsor" of the "employee benefit plan," Teamsters Local Union No. 992 Health & Welfare and Pension Fund ("Teamsters Funds"), at issue in this case.  *Id.* ¶¶ 7-9, 26.  Defendant UPS Pension Plan Board of Trustees ("Defendant" or "the Board") is the "fiduciary" of that employee benefit plan in accordance with ERISA § 3, 29 U.S.C. § 1002.[2] *Id.* ¶ 10.

Upon being hired as a part-time employee, Plaintiff became eligible for a UPS Part-time Pension Plan.  *Id.* ¶ 14.  Under this plan, Plaintiff could earn service credit based on the number of hours worked.  *Id.* ¶ 15.  Specifically, no service credit would be earned for less than 375 hours worked.  *Id.*  Then, a part-time employee could earn a six months service

---

[2] In its response, Defendant contends that the Board of Trustees only provides benefits to Plaintiff based on his tenure as a UPS part-time employee.  Def.'s Opp'n to Pl.'s Mot. for Disc. at 1, ECF No. 16.  Defendant further argues that the Hagerstown Motor Carriers and Teamsters Pension Plan is responsible for Plaintiff's benefits associated with his employment as a full-time package car driver.  *Id.*

credit for 375 to 500 hours worked, a nine months service credit for 501 to 740 hours worked, and a one year service credit for more than 750 hours worked.  *Id.*  Plaintiff's part-time hours for 1980 to 1983 are not at issue in this case.[3]  *Id.* ¶¶ 16-19; Def.'s Answer ¶¶ 16-19 ECF No. 7.  The dispute giving rise to this action however centers on his hours worked in 1984.

According to Plaintiff, from January 1, 1984 to March 22, 1984, prior to seeking a full-time package car driver position, Plaintiff worked 302 hours.  Pl.'s Compl. ¶¶ 20-22.  This full-time position allegedly required that an employee "log 30 days of work within a 90-day period" before being considered as a full-time employee and "achieving full-time seniority."  *Id.* ¶ 22.  Plaintiff allegedly began this qualifying period in April 1984 and completed it sometime in the middle of May 1984.  *Id.* ¶ 23.  His "full-time classification" allegedly began on or about May 8, 1984.  *Id.*  Accordingly, Plaintiff claims that during the months of April and May 1984, while he was still considered to be a part-time employee, he worked at least 73 hours for UPS.  *Id.* ¶ 24.  Plaintiff further alleges that "[d]uring the qualifying period, [his] contractual benefits including insurance, vacation days, sick days, and personal holidays were based on his part-time employee status."  *Id.* ¶ 25.

As a full-time employee, Plaintiff became eligible for the Teamsters Fund and UPS made its first contribution to that fund in late May 1984.  *Id.* ¶¶ 26-27.  Plaintiff remained a full-time package car driver until retiring in 2011.  *Id.* ¶ 28.  In the months leading up to his retirement, plaintiff received a statement from his pension plan concerning the credit hours he had earned as a part-time employee.  *Id.* ¶ 29.  This statement reflected that he had earned

---

[3] On the basis of his hours worked those years, plaintiff has earned three years of service credit.  Pl.'s Compl. ¶¶ 16-19.

three years of service credit as opposed to the three years and six months to which he alleges

he is entitled. *Id.* Upon requesting a review of his service credit, Plaintiff was informed that

according to the Board, he had only worked 302 hours in 1984 and therefore he had not

earned any service credit for that year. *Id.* ¶ 30. Plaintiff appealed this decision by requesting

that the hours he worked while qualifying as a full-time driver be included in the 1984 hours

worked calculation. *Id.* ¶ 31.

On June 6, 2011, the Board denied his appeal and concluded that the hours worked

while qualifying for the full-time position were not "covered employment" under the plan

"because Plaintiff was considered as a full-time employee." *Id.* ¶ 32. On July 11, 2011,

Plaintiff filed for reconsideration of the denial of his appeal but the Board reaffirmed its

decision not to award part-time service credit to Plaintiff for the hours he worked while

qualifying for the full-time package car driver position. *Id.* ¶¶ 34-35. As a result, Plaintiff

brought this action against the Board of Trustees for alleged violations of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* on December

23, 2011. Following a period of discovery, on May 29, 2012, Plaintiff filed the subject

Motion for Limited Discovery outside the administrative record (ECF No. 15), specifically

requesting discovery into whether Defendant breached its fiduciary duty in determining his

benefits, including discovery into a potential conflict of interest, and further requesting

Defendant's records as to Plaintiff's employment history and the Board of Trustees'

processes in determining whether an employee is classified as part-time or full-time. On

November 9, 2012, this Court held a telephonic hearing on the record during which the

parties were ordered to disclose the administrative record in this case to allow this Court to

rule on the motion for extra-record discovery.  Pursuant to this Court's Letter Order (ECF No. 19) the parties filed the full administrative record under seal.

ANALYSIS

On November 13, 2012, Defendant UPS Pension Plan Board of Trustees ("the Board") entered a Motion to File Plaintiff's Administrative Record Under Seal (ECF No. 21) pursuant to Local Rule 105.11 (D. Md. 2011).  Defendant contends that filing Plaintiff Gregory Kane's ("Plaintiff" or "Kane") administrative record under seal is justified because it contains confidential and personal information belonging to the Plaintiff.  While Local Rule 105.11 does not permit this Court to issue a ruling "on the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties," the parties were instructed to come to an agreement prior to the filing of the administrative record and Plaintiff has indicated that he does not oppose this motion.  Accordingly, Defendant UPS Pension Plan Board of Trustees' Motion to File the Administrative Record Under Seal (ECF No. 21) is GRANTED.

Turning now to Plaintiff's Motion for Limited Discovery (ECF No. 15) outside the administrative record, Plaintiff seeks discovery with respect to the Board's potential structural conflict of interest and also with respect to the completeness of the record and the process used to determine a participant employee's part-time or full-time classification.  The Board opposes this motion and argues that under the law Plaintiff is not entitled to any discovery outside the administrative record.  The Board further argues that even if additional discovery was permitted the requested information would not be relevant because it based its

decision not to award service credit for hours worked full-time on the amount of hours worked by Plaintiff and the records of these hours are included in the administrative record.[4]

As this Court has previously noted, in cases brought under the Employee Retirement Income Security Act ("ERISA"), "the scope or availability of discovery is tied to the standard of review applied' " to such cases. *Bartel v. Sun Life Assurance Co. of Canada*, 536 F. Supp. 2d 623, 627 (D. Md. 2008). In reviewing a claim asserting a wrongful denial of benefits under ERISA, a court must engage in a two-part inquiry. First, a court must decide, as a matter of *de novo* contract interpretation, whether the ERISA plan at issue vested discretion in the plan administrator with respect to the contested benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 340-41 (4th Cir. 2000). "[A] plan's intention to confer discretionary authority must be clear and unambiguous." *Bartel*, 536 F. Supp. 2d at 627 (citing *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 268-69 (4th Cir. 2002). Second, if the administrator's decision was discretionary, a court must determine whether the denial of benefits abused that discretion. *Booth*, 201 F.3d at 341-42. In this case, the pension plan at issue has not as of yet been made available and this Court is therefore unable to determine whether it vested discretion in the Board with respect to the contested benefits. However, the parties contend that the Board had the discretionary authority to determine benefits.

---

[4] Defendant notes that the Board interpreted the Plan as not awarding service credit to employees on full-time schedule during the full-time position qualification period. Def.'s Opp'n to Pl.'s Mot. for Disc. at 7, ECF No. 16. Defendant further indicates that "if the months of April and May of 1984 are not counted, Plaintiff's Service Credit was properly calculated; if his hours in April and May of 1984 should have been included, his Service Credit was not properly calculated" and he should receive an additional six months of service credit. *Id.* at 7-8.

Assuming that the plan in fact confers discretionary authority to the Board, "[i]t has long been settled law in this circuit that a district court reviewing a plan administrator's under a deferential standard may consider only the evidence before the administrator at the time of decision." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995). Thus, extra-record discovery "generally is not available when the court's review is for abuse of discretion." *Abromitis v. Continental Cas. Co.*, 261 F. Supp. 2d 388, 390-91 (W. D. N. C. 2003); *see also McCready v. Standard Ins. Co.*, 417 F. Supp. 2d 684, 687 n. 2 (D. Md. 2006) ("[i]t is well established that review of an administrator's decision for reasonableness is based on the evidence before the administrator at the time of the determination."). Nevertheless, this Court has previously stated that "the Supreme Court's decision in *Metropolitan Life Ins, Co. v. Glenn*, 554 U.S. 105 (2008), may have opened the door to additional discovery under certain conditions." *Clark v. Unum Life Ins. Co. of America*, 799 F. Supp. 2d 527, 531 (D. Md. 2011). While the Court of Appeals for the Fourth Circuit has not addressed the effects of *Glenn* on extra-record discovery in ERISA cases, "[t]he majority of other circuit courts . . . have found that it 'fairly can be read as contemplating some discovery on the issue of whether a structural conflict has morphed into an actual conflict.' " *Patel v. United of Omaha Life Ins. Co.*, DKC-12-0880, 2012 WL 2370129, at * 2 (D. Md. June 21, 2012) (quoting *Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009)). Specifically, where an administrator "both evaluates and pays claims for benefits" there is a structural conflict of interest which entitles courts to "determine the likelihood that an administrator's conflict of interest influenced its decision." *Id.* at 531, 33 (citing *Glenn*, 554 U.S. 105). To make this determination, a court "may consider such extrinsic facts as an administrator's history of

biased claims administration and any active steps it has taken to reduce bias or improve accuracy." *Id.* (citing *Firestone*, 489 U.S. at 117). This Court has additionally stated that "this determination can be made by reviewing evidence regarding the administrator's past dealings and claim review process." *Clark*, 799 F. Supp. 2d at 532. The presence of a plan administrator's conflict of interest does not alter the abuse of discretion standard of review, *Glenn*, 554 U.S. at 117, rather, it is weighed as "but one among many factors in determining the reasonableness of the Plan's discretionary determination." *Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353, 359 (4th Cir. 2008).

In terms of the scope of discovery into the conflict of interest, this Court has held that where the record contains sufficient "information to allow the court to properly weigh [a d]efendant's admitted conflict of interest . . . no discovery will be necessary because information beyond the record would not be relevant." *Clark*, 799 F. Supp. 2d at 533. Where "additional information is needed, then discovery will be allowed to proceed on the specific issue of the effect of Defendant's conflict on its benefits decision." *Id.* A review of the administrative record in this case does not provide sufficient evidence to address the potential of bias in the UPS Pension Plan Board of Trustees' claim administration. Moreover, the record does not contain evidence as to the Board's past dealings and information concerning its claim review process is scarce. As a result, this Court is unable to determine the extent, if any, to which the Board's conflict of interest influenced the decision to deny Plaintiff's benefits. Accordingly, Plaintiff's extra-record discovery request is GRANTED with respect to records or evidence that will allow this Court to evaluate and weigh the extent to which Defendant's structural conflict of interest may have influenced

Plaintiff's denial of benefits.   As mentioned above, this includes evidence regarding the "administrator's history of biased claim administration" or attempts at reducing bias as well as "evidence regarding the administrator's past dealings and claim review process." *Clark*, 799 F. Supp. 2d at 532.   However, Plaintiff's request for discovery into Defendant's records of Plaintiff's employment history not included in the administrative record and not related to the structural conflict of interest issue is DENIED.

Nevertheless, under the abuse of discretion standard, "the district court functions as a deferential reviewing court with respect to the ERISA fiduciary's decision." *Evans v. Eaton Corp.*, 514 F.3d 315, 321 (4th Cir. 2008).   Thus, an administrator's "discretionary decision will not be disturbed if reasonable, even if the court itself would have reached a different conclusion." *Smith v. Cont'l Cas. Co.*, 369 F.3d 412, 417 (4th Cir. 2004) (quoting *Booth*, 201 F.3d 335, 341 (4th Cir. 2000)).   In assessing the reasonableness of a plan administrator's decision, courts should consider the language of the plan, and whether the decision "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Smith*, 369 F.3d at 417 (quoting *Bernstein*, 70 F.3d at 788).   Substantial evidence is defined as "the quantum and quality of relevant evidence that is more than a scintilla but less than a preponderance and that a reasoning mind would accept as sufficient to support a particular conclusion." *Donnell v. Metro. Life Ins. Co.*, 165 Fed. App'x 288, 295 (4th Cir. 2006)(quotation omitted).   In addition to the effect of a structural conflict of interest, the Fourth Circuit has identified eight nonexclusive factors that bear on whether an abuse of discretion occurred:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth,* 201 F.3d at 342-43.  At this time, this Court notes that the administrative record filed in this case lacks the information necessary to properly assess these factors.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion for Limited Discovery (ECF No. 15) is GRANTED in part and DENIED in part.  Specifically, Plaintiff may seek extra-record discovery with respect to records or evidence that he may then submit to this Court in order to permit this Court to evaluate and weigh the extent to which Defendant's structural conflict of interest may have influenced Plaintiff's denial of benefits.  Plaintiff shall not be permitted to seek discovery into Defendant's records of Plaintiff's employment history not included in the administrative record and not related to the structural conflict of interest issue.  Defendant's Motion to File the Administrative Record Under Seal (ECF No. 21) is GRANTED.

A separate Order follows.

Dated:        November 19, 2012          /s/_____

                                                              Richard D. Bennett
                                                              United States District Judge