IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY KANE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. RDB-11-3719 |
| UPS PENSION PLAN BOARD OF TRUSTEES, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Gregory Kane ("Plaintiff") brings this action for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA").[1] Presently pending before this Court is Kane's Motion to Reinstate a Claim (ECF No. 38).[2] Specifically, Plaintiff seeks to reinstate Count II of his original Compliant, which alleged that Defendant UPS Pension Plan Board of Trustees ("Defendant") breached its fiduciary duties under § 404 of ERISA "by failing to administer the plan in a prudent manner in the interests of the Plan's participants; and by failing to administer the plan" consistent with the statutory mandates of ERISA § 404(a)(1)(D). *See* Pl.'s Compl. ¶ 42. UPS Pension Board opposes Plaintiff's Motion on the grounds that the motion is untimely; that there is no good cause to permit amendment at this stage of the proceeding; and that amendment would be futile under ERISA. *See generally* Def.'s Mem. Opp'n, ECF No. 42. The Court has reviewed the

---

[1] As is common practice, this Court will refer to sections of ERISA by the section numbers contained within the statute itself rather than the United States Code. *Cf. Coyne & Delaney Co. v. Blue Cross & Blue Shield of Va.*, 102 F.3d 712, 714 (4th Cir. 1996). Citations, however, are to the United States Code for purposes of quick reference.

[2] In addition, both parties have filed Cross Motions for Summary Judgment (ECF Nos. 33 and 34). This Court will rule on those Motions by separate Memorandum Opinion and Order at a future date.

submissions by both parties and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff Kane's Motion to Reinstate a Claim (ECF No. 38) is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

For purpose of this Motion, this Court accepts as true the facts alleged in the Plaintiffs' Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff filed this action on December 23, 2011, asserting a claim for improper denial of benefits under ERISA § 502(a)(1)(B) ("Count I") and a claim for breach of fiduciary duty pursuant to ERISA § 502(a)(2) ("Count II"). On March 12, 2012, the parties stipulated to a voluntary dismissal of Count II without prejudice. *See* Stipulation of Dismissal, ECF No. 5 ("The parties stipulate that Plaintiff dismisses Count II without prejudice to reinstate the claim as if originally filed on December 23, 2011. . . .").

This Court issued the original Scheduling Order (ECF No. 10) on March 14, 2012. Subsequently, this Court granted the parties' Joint Proposal to Modify the Scheduling Order (ECF No. 13) and moved the deadlines for amendment of pleadings and for requesting discovery to May 29, 2012.[3] *See* Modified Scheduling Order, ECF No. 14. Thereafter, Plaintiff filed a Motion for Limited Discovery (ECF No. 15), which this Court granted in part and denied in part on November 19, 2012. *See* Order, ECF No. 26. Discovery was to be completed by February 27, 2013. *Id.*

Then, in March 2013, this Court granted the parties' proposal to extend the deadline for dispositive motions to May 15, 2013 in order to "permit Plaintiff sufficient time to review the remaining documents and secure any remaining information related to the same." *See* Joint

---

[3] In addition, the Court set the discovery cut-off date for 90 days after any order granting discovery. *See* Modified Scheduling Order, ECF No. 14.

Status Report and Consent Request, ECF No. 27; Order, ECF No. 28. On May 8, 2013, Plaintiff moved for an additional extension, stating that four additional items had not been produced until April 29, 2013, and that time was too short to review the materials before the dispositive motion deadline due to various conflicts in the schedules of Plaintiff and Plaintiff's counsel. *See* Unopposed Req. of Pl. Extension Deadline, ECF No. 29. The Court granted this request and extended the dispositive motion deadline to June 14, 2013. *See* Order, ECF No. 30. Thereafter, this Court granted the parties' Joint Motion to Set Briefing Schedule (ECF No. 31), which established the following schedule for the parties' cross-motions for summary judgment:

> Plaintiff's Motion – June 14, 2013
> Defendant's Response and Cross-Motion – July 3, 2013
> Plaintiff's Reply and Response to Cross-Motion – July 23, 2013
> Defendant's Reply – August 9, 2013

In accordance with this schedule, Plaintiff filed his Motion for Summary Judgment on-time on June 14, 2013. Notably, Plaintiff claimed he was entitled to judgment on Count II, but he did not move to reinstate his claim. *See* Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 33-1, at 21-25. On July 3, 2013, Defendant filed its timely Response and Cross-Motion for Summary Judgment (ECF No. 34-1), in which Defendant noted that Count II had been dismissed. On July 22—the day before the deadline—Plaintiff moved for a three day extension to file his Response. After this Court granted the extension (ECF No. 36), Plaintiff filed his Reply and Opposition (ECF No. 37) on July 27, 2013. Contemporaneously, Plaintiff filed the pending Motion to Reinstate a Claim (ECF No. 38).

## STANDARD OF REVIEW

When a party seeks leave to amend a pleading after the deadline set in the court's scheduling order, the party must satisfy both the "good cause" standard of Rule 16(b)(4) *and* Rule 15(a)(2)'s standard for amending pleadings. *See CBX Tech., Inc. v. GCC Tech., LLC*, JKB-

10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend."); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003)("[O]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a).").

I.  **Rule 16(b)**

Under the "good cause" analysis required by Rule 16(b) of the Federal Rules of Civil Procedure, the timeliness of the motion to amend "and the reasons for its tardy submission" are more important than the substance of the proposed amendment. *Rassoull v. Maximus, Inc.*, 209 F. R. D. 372, 373-74 (D. Md. 2002). A court's scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md.1999) (quoting *Gestetner v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D. Me. 1985)). "'Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec.,* 190 F.R.D. at 375 (citations omitted). In determining whether "good cause" exists, a court must consider the "danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Virginia Linen Service, Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010) (internal quotation marks and citation omitted). Importantly, "good cause" generally exists where at least some of the evidence necessary to prove the

plaintiff's claim did not come to light until after the amendment deadline; however, leave to amend will be denied if the plaintiff cannot account, to the court's satisfaction, for his failure to discover the evidence earlier, or if that failure was the result of carelessness. *Id.* (citing *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429 (Table) (4th Cir. 1994); *Whichard v. Specialty Restaurants Corp.*, 220 F.R.D. 439, 441 (D. Md. 2004).

**II.    Rule 15(a)**

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings, and satisfaction of the requirements of Rule 15(a) constitutes the second step for the analysis for a motion to amend a pleading after the deadline prescribed in the scheduling order has passed. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011), and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ANALYSIS

Plaintiff Kane seeks to reinstate Count II of his original Complaint, which alleged a breach of fiduciary duty pursuant to § 502(a)(2) of ERISA. However, this Court entered a revised scheduling order (ECF No. 13) on March 28, 2012, and subsequent orders set the

deadline for dispositive motions as June 14, 2013. Plaintiff's Motion to Reinstate a Claim did not come until July 27, 2013. Thus, Plaintiff's attempt to amend its pleadings came after the Court issued a scheduling order *and* after the deadline for dispositive motions; accordingly, Plaintiff must satisfy both the "good cause" standard of Rule 16(b) and the requirements of Rule 15(a) for amendment of pleadings. As explained herein, Plaintiff's attempt to reinstate Count II fails in both respects.

**I.     Good Cause Under Rule 16(b)**

Plaintiff has failed to demonstrate any good cause for reinstating his claim only at this stage in the proceeding. Plaintiff baldly alleges that "[u]pon completion of discovery, . . . Plaintiff concluded that Count II has merit, and will affect other UPS employees who were similarly situated to Plaintiff." *See* Mot. Reinstate Claim, ECF No. 38, at 1. In his Reply Brief, Kane further states:

> The Defendant stipulated that Plaintiff could reinstate Count II. Doc. No. 37 at 13-15. That stipulation reserved Plaintiff's right to reinstate the claim if the record developed facts supporting the claim. Plaintiff argues that such facts have been developed supporting the breach of fiduciary duty claim. For the reasons described above, it does not follow that Plaintiff's motion to reinstate this claim should be denied or that the motion is untimely.

Pl.'s Reply, ECF No. 43, at 6. Thus, Plaintiff relies on the mere fact that Defendant initially agreed in principle to the notion that Plaintiff could reinstate the claim; however, nowhere does Plaintiff explain why the request for reinstatement comes only at this stage in the proceeding. While Plaintiff alludes to new evidence, he has not identified any particular piece of evidence that was previously unknown or undiscovered.

Moreover, Plaintiff has received a number of extensions of various scheduling deadlines over the span of this litigation. In particular, after Plaintiff received some final discovery on

6

April 29, 2013, this Court permitted an extension of the dispositive motion deadline. Despite this extension, Plaintiff did not seek to reinstate the claim until forty-three days after the dispositive motions deadline.[4]

In light of these factual circumstances, Plaintiff has not provided the Court with any justification for his delay. In particular, Plaintiff has failed to demonstrated in any way why the evidence could not have been discovered earlier or that the delay was not the result of carelessness. *See Tawwaab v. Virginia Linen Service, Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010). Accordingly, Kane has failed to demonstrate good cause for amendment of his Complaint at this stage of the proceeding.

### A. Amendment under Rule 15(a) & the Futility Standard.

Even if Kane had demonstrated good cause for reinstatement of Count II, Plaintiff's Motion must be denied because the claim is ultimately futile. Plaintiff seeks to reinstate Count II of his original Complaint, which states:

> Pursuant to ERISA § 502(a)(2), Plaintiff alleges that Defendant breached its fiduciary duties under ERISA §§ [sic] 404, 29 U.S.C. § 1104, by failing to administer the plan in a prudent manner in the interests of the Plan's participants, and failing to administer the plan consistent with its terms as required under ERISA § 404(a)(1)(D).

Pl.'s Compl. ¶ 42.

Section 502 contains the provisions for civil enforcement of ERISA. Section 502(a)(1)(B) provides for a civil action "by a participant or beneficiary" "to recover benefits due to him under the terms of his plan, or to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As

---

[4] In addition, Kane was alerted to the problem by Defendant's July 3, 2013 Memorandum in Opposition and Cross-Motion for Summary Judgment (ECF No. 34-1), which pointed out that Count II had not been reinstated.

the Supreme Court of the United States has summarized, the purpose of § 502(a)(1)(B) is to redress individuals' claims for denial of benefits:

> If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to "enforce his rights" under the plan, or to clarify any of his rights to future benefits.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Thus, § 502(a)(1)(B) is the mechanism by which individuals may collect benefits due. This is precisely the claim that Plaintiff has made in Count I.

In contrast, § 502(a)(2) provides a remedy for injuries to the plan as a whole rather than individual injuries.[5] *LaRue v. DeWolff, Boberg & Associates*, 552 U.S. 248, 256 (2008). Specifically, § 502(a)(2) provides for a civil suit "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief" for a breach of a fiduciary duty by plan administrators.[6] 29 U.S.C. § 1132(a)(2). Section 404 enumerates the particular duties of fiduciaries. In particular, plan fiduciaries must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and like aims." 29

---

[5] In *LaRue*, the Court also recognized a narrow exception to this general rule, holding that that a plaintiff could recover under § 502(a)(2) for "fiduciary breaches that impair the value of plan assets in a participant's individual account" under a defined contribution plan. 552 U.S. at 256. This exception does not apply in this case, however, because Plaintiff's claims relate to a pension plan—not a defined contribution plan.

[6] Specifically, § 502(a)(2) states that "[a] civil action may be brought by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section [409] of this title." 29 U.S.C. § 1132(a)(2). In turn, the relevant portion of § 409 reads:
> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). The duties of plan fiduciaries are laid out in § 404, as explained *infra*.

U.S.C. § 1104(a)(1)(B). In addition, § 404(a)(1)(D) requires fiduciaries to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter." 29 U.S.C. § 1104(a)(1)(D). Notably, however, the duties imposed upon fiduciaries "'relate to the proper management, administration, and investment of fund assets,' with an eye toward ensuring that 'the benefits authorized by the plan' are ultimately paid to participants and beneficiaries." *LaRue v. DeWolff, Boberg & Associates*, 552 U.S. 248, 253 (2008) (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)). Thus, "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries." *Id.* at 256.

Here, the gravamen of the Complaint is that the Defendant improperly calculated Kane's benefits by failing to credit all of the hours Plaintiff worked while transitioning from a part-time employee to a full-time position. Essentially, he argues that greater benefits are owed to him. Thus, Count II of Plaintiff's Complaint is the epitome of a personal claim for an individual injury—the type of claim that is specifically barred under § 502(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) ("ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, one that is outside the framework of the *second* subsection and cross-referenced § 409, and one that runs directly to the injured beneficiary. § 502(a)(1)(B)."). Moreover, because Plaintiff's Count II fails to state a claim, amendment and/or reinstatement would be futile. *See Wonasue v. University of Maryland Alumni Ass'n*, --- F.R.D. ---, No. PWG-11-2657, 2013 WL 3009316, at *3 (D. Md. June 14, 2013) (stating that futility may be found where "the proposed amended

9

complaint fails to state a claim under the applicable rules and accompanying standings" (internal quotation marks omitted)).[7]

## CONCLUSION

For the reasons stated above, Plaintiff Gregory Kane's Motion to Reinstate a Claim (ECF No. 38) is DENIED.

A separate Order follows.

Dated:     October 23, 2013          /s/_____
                                     Richard D. Bennett
                                     United States District Judge

---

[7] Because there is no good cause for reinstatement of Count II and because reinstatement of Count II would be futile, this Court need not address Defendant's additional argument that Count II is barred by ERISA's statute of limitations.